AO 243 (Rev. 01/15)                                              Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District | Eastern District of Texas, Sherman Division |
|---|---|---|
| Name *(under which you were convicted)*: Lonnie Landon | | Docket or Case No.: 4:12-cr-00019-MAC-DDB-7 |
| Place of Confinement: FCI El Reno, P.O. Box 1500, El Reno, OK 73036 | | Prisoner No.: 19661-078 |
| UNITED STATES OF AMERICA | | Movant *(include name under which convicted)* |
| | V. | LONNIE LANDON |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

    United States District Court
    Eastern District of Texas
    Sherman Division

    (b) Criminal docket or case number (if you know): 4:12-cr-00019-MAC-DDB-7

2. (a) Date of the judgment of conviction (if you know): 2/7/2014

    (b) Date of sentencing: 2/5/2014

3. Length of sentence: 262 Months Imprisonment

4. Nature of crime (all counts):

    Count 1s charged Landon with Conspiracy to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846.
    Count 4s charged Landon with Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. §§ 1956 (a)(1)(A)(i), 1956(a)(1)(B)(i), 1956(a)(2)(A) and 1956(a)(2)(B)(i).

5. (a) What was your plea? (Check one)
    (1) Not guilty ☐     (2) Guilty ☑     (3) Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

    Guilty on Count 1s.

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☑    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☑    No ☐

8. Did you appeal from the judgment of conviction?    Yes ☑    No ☐

*[FILED stamp: JUN 20 2016, Clerk, U.S. District Court, Texas Eastern]*

9. If you did appeal, answer the following:
   (a) Name of court: United States Court of Appeals for the Fifth Circuit
   (b) Docket or case number (if you know): No. 14-40169
   (c) Result: Dismissed
   (d) Date of result (if you know): 4/20/2015
   (e) Citation to the case (if you know): United States v. Landon (5th Cir., 2015)
   (f) Grounds raised:

   1) Landon's due process rights were violated when, during his plea colloquy, the magistrate court misinformed him as to his maximum term of supervised release;
   2) Landon's waiver of appeal should not be enforced because the government breached the plea agreement;
   3) Landon should not have been characterized as a Career Offender because his prior Possession of Prohibited Weapon conviction is not a "crime of violence."; and
   4) Landon should not have been characterized as a Career Offender because his prior Delivery of a Controlled Substance conviction is not a "controlled substance offense."

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes [✓]   No [ ]
       If "Yes," answer the following:
       (1) Docket or case number (if you know): No. No. 14-9859
       (2) Result: Denied
       (3) Date of result (if you know): 6/22/2015
       (4) Citation to the case (if you know): Landon v. United States, 135 S.Ct. 2875(Mem)., (2015)
       (5) Grounds raised:
       N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes [ ]   No [✓]

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court:   N/A
        (2) Docket or case number (if you know):   N/A
        (3) Date of filing (if you know):
        (4) Nature of the proceeding:   N/A
        (5) Grounds raised:   N/A

 (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
   Yes ☐  No ☐
 (7) Result: N/A
 (8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:
 (1) Name of court: N/A
 (2) Docket of case number (if you know): N/A
 (3) Date of filing (if you know):
 (4) Nature of the proceeding: N/A
 (5) Grounds raised:

N/A

 (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
   Yes ☐  No ☑
 (7) Result: N/A
 (8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
 (1) First petition: Yes ☐ No ☑
 (2) Second petition: Yes ☐ No ☑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** Ineffective assistance of Pretrial Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Pretrial counsel's failure to:

(1) communicate with Landon including not providing discovery so that he could make an informed decision with regard to pleading guilty or proceeding to trial;
(2) conduct an adequate independent pretrial investigation including filing of substantive pretrial motions; and
(3) inform and advise Landon of the consequences of pleading guilty as opposed to proceeding to trial including the maximum sentence if he was convicted at trial deprived him of effective assistance of pretrial counsel under the Sixth Amendment in the plea context of the proceedings.

(b) **Direct Appeal of Ground One:**
(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐ No ☐
(2) If you did not raise this issue in your direct appeal, explain why:

*Claims of ineffective assistance of counsel are properly raised in a 28 U.S.C. § 2255 proceeding.*

(c) **Post-Conviction Proceedings:**
(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐ No ☑
(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐ No ☑
(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐ No ☑
(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐ No ☑

AO 243 (Rev. 01/15) Page 6

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:
N/A

**GROUND TWO:** Ineffective Assistance of Sentencing Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Sentencing counsel's failure to:

(1) communicate with Landon including not providing discovery so that he could make an informed decision with regard to pleading guilty or proceeding to trial;
(2) conduct an adequate independent pretrial investigation including filing of substantive pretrial motions; and
(3) inform and advise Landon of the relevant circumstances and likely consequences of pleading guilty as opposed to proceeding to trial including the maximum sentence if he was convicted at trial deprived him of effective assistance of pretrial counsel under the Sixth Amendment in the plea context of the proceedings.

(b) **Direct Appeal of Ground Two:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐   No ☑

   (2) If you did not raise this issue in your direct appeal, explain why:
   Claims of ineffective assistance of counsel are properly raised in a 28 U.S.C. § 2255 proceeding.

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐   No ☑

AO 243 (Rev. 01/15)  Page 7

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☑

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

**GROUND THREE:** In light of Johnson and Welch, Landon's sentence is illegal and he must be resentenced without the career offender enhancement.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(1) Landon was sentenced as a career offender;
(2) Since Johnson was decided, his prior convictions no longer qualify him as a career offender; and
(3) Landon must be resentenced without the career offender enhancement.

(b) **Direct Appeal of Ground Three:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐    No ☑
   (2) If you did not raise this issue in your direct appeal, explain why:
   Johnson and Welch were not decided when Landon was sentenced or when he was on direct appeal.

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐    No ☑
   (2) If you answer to Question (c)(1) is "Yes," state:
   Type of motion or petition: N/A
   Name and location of the court where the motion or petition was filed:
   N/A

   Docket or case number (if you know): N/A
   Date of the court's decision:
   Result (attach a copy of the court's opinion or order, if available):
   N/A

   (3) Did you receive a hearing on your motion, petition, or application?
      Yes ☐    No ☑
   (4) Did you appeal from the denial of your motion, petition, or application?
      Yes ☐    No ☑
   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes ☐    No ☑

   (6) If your answer to Question (c)(4) is "Yes," state:
   Name and location of the court where the appeal was filed:
   N/A

   Docket or case number (if you know): N/A
   Date of the court's decision:
   Result (attach a copy of the court's opinion or order, if available):
   N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:
N/A

**GROUND FOUR:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
N/A

(b) **Direct Appeal of Ground Four:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐   No ☐
  (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐   No ☑

  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition: N/A
  Name and location of the court where the motion or petition was filed:
  N/A
  Docket or case number (if you know): N/A
  Date of the court's decision:
  Result (attach a copy of the court's opinion or order, if available):
  N/A

AO 243 (Rev. 01/15)  Page 10

    (3) Did you receive a hearing on your motion, petition, or application?
        Yes ☐    No ☑

    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐    No ☑

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐    No ☑

    (6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):
N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:
N/A

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

N/A

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

N/A

AO 243 (Rev. 01/15) Page 11

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a) At the preliminary hearing:
Maria Tu, Law Offices of Maria Tu, PC, 2800 W. Parker Road #110, Plano, TX 75075

(b) At the arraignment and plea:
Douglas Charles Greene, Sr., Douglas C. Greene, Attorney at Law, 1521 N. Cooper St. Suite #800, Arlington, TX

(c) At the trial:
Douglas Charles Greene, Sr., Douglas C. Greene, Attorney at Law, 1521 N. Cooper St. Suite #800, Arlington, TX

(d) At sentencing:
Douglas Charles Greene, Sr., Douglas C. Greene, Attorney at Law, 1521 N. Cooper St. Suite #800, Arlington, TX

(e) On appeal:

(f) In any post-conviction proceeding:
N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:
N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?  Yes ☐  No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  Yes ☐  No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:
N/A

(b) Give the date the other sentence was imposed:
(c) Give the length of the other sentence: N/A
(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?  Yes ☐  No ☑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*
N/A

N/A

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

  A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
    (1)  the date on which the judgment of conviction became final;
    (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
    (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 13

Therefore, Landon respectfully requests that the Court grant the following relief:

Vacate his conviction and sentence to start anew; alternatively, grant an Evidentiary hearing to further prove his grounds set forth above, resolve facts in dispute, expand an incomplete record or any other relief to which this Court deems that he may be entitled.

Respectfully submitted,

_____
Lonnie Landon
Reg. No. 19661-078
FCI El Reno
Federal Corr. Institution
P.O. Box 1500
El Reno, OK 73036
Appearing *Pro Se*

## DECLARATION OF LONNIE LANDON

I, Lonnie Landon, declarant herein, declare and attest to the facts in the above and foregoing Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody to be true and correct to the best of my knowledge under the penalty of perjury pursuant to 28 U.S.C. § 1746. I placed this § 2255 Motion in the prison mailbox on the date below invoking the prison mailbox rule. See *Houston v. Lack*, 487 U.S. 266, 270 (1988).


Dated: June 8, 2016.                          _____
                                              Lonnie Landon